UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. TURNER,<br>   Petitioner,<br>  v.<br>J. PRICE, Warden,<br>   Respondent. | Case No. 14-cv-04374-JST (PR)<br><br>**ORDER ON INITIAL REVIEW** |

## INTRODUCTION

Joseph D. Turner, a prisoner at Deuel Vocational Institution, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. He has paid the $5.00 filing fee.

## BACKGROUND

Turner's petition discloses that he was convicted in Contra Costa County Superior Court of first degree robbery, first degree burglary, false imprisonment, and criminal threats. He was sentenced to seven years in state prison. He appealed; his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2014. Turner reports that he did not file any state habeas petitions before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Turner asserts the following claims in his petition: (1) the trial court erroneously denied his motion to represent himself brought pursuant to Faretta v. California, 422 U.S. 896 (1975); (2) he received ineffective assistance of counsel during plea negotiations; (3) the prosecutor committed discovery violations; (4) the trial court erroneously excluded evidence that one of the victims had been granted immunity in exchange for his testimony; (5) the trial court erroneously allowed a late amendment to the information; and (6) judicial bias violated petitioner's rights to a fair trial and due process.

There is an exhaustion problem which requires Turner's further attention before the Court can determine whether to order a response from respondent. Turner admits that some of his claims have not been presented to any other court. (Petition at 5, 10.) Therefore, Turner's petition contains both exhausted and unexhausted claims and is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982).

Although petitioner does not specifically identify which claims are unexhausted, it appears that Claim 6 has not been presented to any other court. The Court has compared the opinion of the California Court of Appeal on direct review with the petition to determine whether all the claims in the latter were included in the former. Turner did not assert a judicial bias claim in the state

court.

It also appears that Claim 2, regarding alleged ineffective assistance of counsel ("IAC"), was not fully exhausted. Turner admits that he only presented an IAC claim in conjunction with his claim regarding the amended information. (Petition at 10.) Specifically, petitioner asserted in the state appellate court that his right to counsel was abridged by the late amendment to the extent that it rendered counsel ineffective during plea negotiation. See People v. Turner, No. A134275, 2013 WL 6858128 *13 (Cal. Ct. App. Dec. 30, 2013). The other subparts of the IAC claim appear unexhausted.[1]

Finally, it appears that Claim 3, regarding discovery violations, was not fully exhausted. Turner presented to the California Court of Appeal only part of this claim, i.e., that the prosecutor failed to produce discovery indicating that one if the victims had identified petitioner prior to the show-up. In his petition, petitioner also asserts that the prosecutor concealed discovery evidence that the victims were under federal investigation. This latter claim appears unexhausted.

The Court clarifies that Claim 6 and the parts of Claims 2 and 3 discussed above appear to be unexhausted (rather than determines that they are unexhausted) because the record before the Court does not show whether petitioner raised the additional claims in his petition for review filed in the California Supreme Court. If the additional claims were not presented to the California Supreme Court, they are unexhausted, and petitioner should follow the instructions below regarding unexhausted claims.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Turner the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider all his claims. Accordingly, instead of an outright dismissal of the action, the Court will

---

[1] In Claim 2 of the petition, Turner contends that the alleged ineffective assistance "spanned various phases" of the plea bargain process. (Petition at 10.)

3

allow Turner to choose whether he wants to:

     (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

     (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

     (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Turner is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim(s), and to return to this court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[2] The Court cautioned district courts against being too liberal in allowing a stay

---

[2] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141-43.

4

because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d at 1071. If Turner moves for a stay, he must show that he satisfies the Rhines criteria or must comply with the King/Kelly requirements.

## CONCLUSION

Petitioner must file, within **thirty (30) days** of this order, a notice in which he states whether he elects to: (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option ___ provided in the court's Order On Initial Review." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), petitioner must file within **thirty (30) days** of this order, a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under King/Kelly to amend his petition (to delete the unexhausted claim) and to stay this action while he exhausts state court remedies for the unexhausted claims, he must do so within **thirty (30) days** of this order. If

1  petitioner does not choose one of the three options or file a motion by the deadline, the court will
2  dismiss the claims that appear unexhausted.  If the court is mistaken and the additional claims
3  have already been presented to the California Supreme Court, petitioner must so inform the court
4  with the **thirty (30) day** deadline.
5      **IT IS SO ORDERED.**
6  Dated:  January 23, 2015

                                                  JON S. TIGAR
                                          United States District Judge