UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH D. TURNER,
    Petitioner,

v.

J. PRICE, Warden,
    Respondent.

Case No. 14-cv-04374-JST (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Contra Costa County Superior Court. On January 26, 2015, the Court entered an order noting that the petition was a "mixed" petition, i.e., one that included both exhausted and unexhausted claims. The Court therefore directed petitioner to choose one of the following three options: (1) dismiss the unexhausted claim and go forward in this action with only the exhausted claims; (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims; or (3) move to stay these proceedings while he exhausts his unexhausted claims in the California Supreme Court. Petitioner has filed a notice of election and has opted to drop his unexhausted claims and proceed only with the exhausted claims.

## BACKGROUND

In 2011, petitioner was convicted by a jury of first degree robbery, first degree burglary, false imprisonment, and criminal threats. He was sentenced to seven years in state prison. His conviction was affirmed by the California Court of Appeal on December 30, 2013, and his petition for review was denied by the California Supreme Court on March 12, 2014. Petitioner reports that

he did not file any state habeas petitions before filing this action. The instant action was filed on September 29, 2014.

## DISCUSSION

A. <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

B. <u>Claims</u>

As grounds for federal habeas relief, petitioner claims that: (1) the trial court erroneously denied his motion to represent himself, brought pursuant to <u>Faretta v. California</u>, 422 U.S. 896 (1975); (2) the prosecution failed to produce discovery showing that one of the victims had identified petitioner at the crime scene, prior to the in-field show-up; (3) the trial court erroneously excluded evidence that one of the victims had been granted immunity in exchange for his testimony; (4) the trial court erroneously allowed a late amendment to the information; and (5) the late amendment to the information rendered trial counsel ineffective during plea negotiations.

Liberally construed, the claims appears cognizable under Section 2254 and merit an answer from respondent. See <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons, and for good cause shown,

1. The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The

2

Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: April 15, 2015

_____
JON S. TIGAR
United States District Judge