UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. TURNER,<br><br>    Petitioner,<br><br>    v.<br><br>J. PRICE, Warden,<br><br>    Respondent. | Case No. 14-cv-04374-JST (PR)<br><br>**SECOND ORDER REQUIRING ELECTION BY PETITIONER** |

Petitioner filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 26, 2015, the Court determined that the petition appeared to be a "mixed" petition, i.e., a petition containing both exhausted and unexhausted claims, and ordered petitioner to elect how he wished to deal with the problem. The Court noted that it could not determine exactly which claims were exhausted because the record did not include the petition for review filed in the California Supreme Court. The Court could only compare the opinion of the California Court of Appeal on direct review[1] to the federal petition to determine whether all the claims in the latter were included in the former, and concluded that some were not. On February 25, 2015, petitioner filed a response in which he stated that he elected to dismiss the unexhausted claims and go forward with only the exhausted claims. The response still did not specify which of petitioner's federal claims were presented to the California Supreme Court in order to satisfy the exhaustion requirement. On April 16, 2015, the Court ordered respondent to show cause why a writ of habeas corpus should not be granted as to the five claims petitioner raised in his direct appeal to the California Court of Appeal, which claims were also raised in the federal petition.

---

[1] See People v. Turner, No. A134275, 2013 WL 6858128 (Cal. Ct. App. Dec. 30, 2013).

1  Those claims were numbered as follows: (1) the trial court erroneously denied petitioner's motion
2  to represent himself, brought pursuant to Faretta v. California, 422 U.S. 896 (1975); (2) the
3  prosecution failed to produce discovery showing that one of the victims had identified petitioner at
4  the crime scene, prior to the in-field show-up; (3) the trial court erroneously excluded evidence
5  that one of the victims had been granted immunity in exchange for his testimony; (4) the trial court
6  erroneously allowed a late amendment to the information; and (5) the late amendment to the
7  information rendered trial counsel ineffective during plea negotiations.

8  It now appears that only Claim 1 has been fully exhausted. Specifically, on July 10, 2015,
9  respondent filed an answer addressing only Claim 1 and asserting that Claim 1 is the "single
10 exhausted federal claim." See Dkt. No. 6 at 3. Respondent submitted with his answer a copy of
11 petitioner's petition for review filed in the California Supreme Court, see dkt. no. 6-4, which
12 confirms that Claim 1 was the only claim presented to the California Supreme Court, and
13 therefore, the only exhausted claim.

14 On August 3, 2015, petitioner filed a traverse expressing confusion as to why respondent
15 failed to answer Claims 2-5. This confusion suggests that petitioner may not have understood that
16 Claims 2-5 remain unexhausted or, in the alternative, that he may not want to dismiss Claims 2-5.
17 Therefore, before reaching the merits of Claim 1, the Court will give petitioner one last
18 opportunity to elect how to proceed. Accordingly, within **thirty (30)** days of this order, petitioner
19 must choose whether he wants to:

20  (1) dismiss Claims 2-5 and go forward in this action with only Claim 1, or

21  (2) dismiss this action and return to state court to exhaust all claims before filing a
22 new federal petition presenting all of his claims, or

23  (3) file a motion for a stay of these proceedings while he exhausts his unexhausted
24 claims in the California Supreme Court.

25 Petitioner is reminded that the options have risks which he should take into account in
26 deciding which option to choose. If he chooses option (1) and goes forward with only his
27 exhausted claim, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he
28 chooses option (2), dismissing this action and returning to state court to exhaust Claims 2-5 before

2

filing a new federal petition, his new federal petition might be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on Claims 2-5 and to return to this Court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[2] The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d at 1071. If petitioner moves for a stay, he

---

[2] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141-43.

must show that he satisfies the Rhines criteria or must comply with the King/Kelly requirements.

## CONCLUSION

Petitioner must file, within **thirty (30) days** of this order, a notice in which he states whether he elects to: (1) dismiss Claims 2-5 and go forward in this action with only Claim 1, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims.  If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply:  "Petitioner elects to proceed under Option ___ provided in the Court's Second Order Requiring Election."  Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses.  If he chooses Option (3), petitioner must file within **thirty (30) days** of this order, a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims.  If he wants to file a motion under King/Kelly to amend his petition (to delete the unexhausted claim) and to stay this action while he exhausts state court remedies for the unexhausted claims, he must do so within **thirty (30) days** of this order.  If petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss Claims 2-5 and proceed to rule on the merits of Claim 1, which has now been fully briefed.

IT IS SO ORDERED.

Dated:  February 16, 2016

_____
JON S. TIGAR
United States District Judge