UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH D. TURNER,

    Petitioner,

    v.

J. PRICE, Warden,

    Respondent.

Case No. 14-cv-04374-JST (PR)

**ORDER ADDRESSING PETITIONER'S APRIL 2, 2016 LETTER**

On September 29, 2014, petitioner filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition disclosed that he was convicted in Contra Costa County Superior Court of first degree robbery, first degree burglary, false imprisonment, and criminal threats. He was sentenced to seven years in state prison. He appealed; his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2014. Petitioner reported that he did not file any state habeas petitions before filing this action.

Petitioner asserted the following claims in his petition: (1) the trial court erroneously denied his motion to represent himself brought pursuant to Faretta v. California, 422 U.S. 896 (1975); (2) he received ineffective assistance of counsel ("IAC") during plea negotiations; (3) the prosecutor committed discovery violations; (4) the trial court erroneously excluded evidence that one of the victims had been granted immunity in exchange for his testimony; (5) the trial court erroneously allowed a late amendment to the information; and (6) judicial bias violated petitioner's rights to a fair trial and due process.

On January 26, 2015, upon an initial review of the petition, the Court determined that the petition appeared to be a "mixed" petition, i.e., a petition containing both exhausted and

unexhausted claims, and ordered petitioner to elect how he wished to deal with the problem. Specifically, petitioner was directed to inform the Court whether he elected to: (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims; or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition; or (3) move for a stay of these proceedings while he exhausted his state court remedies for the unexhausted claims.

The Court noted that it could not determine exactly which claims were exhausted because the record did not include the petition for review filed in the California Supreme Court. The Court could only compare the opinion of the California Court of Appeal on direct review[1] to the federal petition to determine whether all the claims in the latter were included in the former, and concluded that some were not. Specifically, the Court found that Claim 6 had not been exhausted as petitioner did not assert a judicial bias claim in state court. The Court also found that petitioner only presented an IAC claim in conjunction with his claim regarding the amended information. The other subparts of the IAC claim appeared unexhausted. Finally, the Court concluded that Claim 3, regarding discovery violations, was not fully exhausted. Petitioner presented to the California Court of Appeal only part of this claim, i.e., that the prosecutor failed to produce discovery indicating that one of the victims had identified petitioner prior to the show-up.

On February 25, 2015, petitioner filed a response in which he stated that he elected to dismiss the unexhausted claims and go forward with only the exhausted claims. The response still did not specify which of petitioner's federal claims had been presented to the California Supreme Court. This information was required to determine whether petitioner satisfied the exhaustion requirement. Nonetheless, on April 16, 2015, the Court ordered respondent to show cause why a writ of habeas corpus should not be granted as to the five claims petitioner raised in his direct appeal to the California Court of Appeal, which claims were also raised in the federal petition. Those claims were numbered as follows: (1) the trial court erroneously denied petitioner's motion to represent himself, brought pursuant to Faretta v. California, 422 U.S. 806 (1975); (2) the

---

[1] See People v. Turner, No. A134275, 2013 WL 6858128 (Cal. Ct. App. Dec. 30, 2013).

1  prosecution failed to produce discovery showing that one of the victims had identified petitioner at
2  the crime scene, prior to the in-field show-up; (3) the trial court erroneously excluded evidence
3  that one of the victims had been granted immunity in exchange for his testimony; (4) the trial court
4  erroneously allowed a late amendment to the information; and (5) the late amendment to the
5  information rendered trial counsel ineffective during plea negotiations.

6  On July 10, 2015, respondent filed an answer asserting that Claim 1 was the "single
7  exhausted federal claim." See Dkt. No. 6 at 3. Respondent submitted with his answer a copy of
8  petitioner's petition for review filed in the California Supreme Court, see Dkt. No. 6 at Ex. B,
9  which confirmed that Claim 1 was the only claim presented to the California Supreme Court, and
10 therefore, the only exhausted claim.

11 On February 16, 2016, the Court offered petitioner a second opportunity to elect whether
12 he wished to go forward in this action on the only exhausted claim or attempt to exhaust Claims 2-
13 5 in state court. Petitioner was directed to file an election within thirty days, i.e., no later than
14 March 17, 2016. On March 10, 2016, petitioner filed a response. Dkt. No. 10. Although he did
15 not specifically make an election, he stated that he could no longer return to state court to exhaust
16 because the time for filing a state habeas petition had expired, and no exhaustion opportunities
17 remained open to him. See id. at 9.[2] The Court construed this as an election to dismiss the
18 unexhausted claims and go forward in this action with only Claim 1. On April 8, 2016, the Court
19 proceeded to address the merits of Claim 1, denied the petition on the basis of that claim, and
20 entered judgment for respondent.

21 The Court then received a letter from petitioner stating he had now exhausted all claims
22 raised in his original petition. Though the letter was dated April 2, 2016 and stamped received by
23 the Clerk's office on April 6, 2016, it was not filed until after the Court had entered its April 8,
24 2016 order denying the petition on the merits of Claim 1. Petitioner attached to the letter a copy
25 of his state habeas petition filed in the California Supreme Court and asserting the six claims

---

[2] Page number citations for petitioner's filings refer to those assigned by the Court's electronic filing system and are located at the top right-hand corner of each page.

1 originally asserted in the instant action.

2 The Court construes petitioner's April 2016 letter as an election to stay proceedings pending state court exhaustion, pursuant to the Court's February 16, 2016 order offering petitioner a second opportunity to elect how to proceed. So construed, the Court must decide whether to reopen the action and direct respondent to address the claims that have now been exhausted. The Court declines to do so for three reasons. First, the now-exhausted claims include the claims that petitioner already dismissed in his first election, filed February 25, 2015. See Dkts. 2, 3. Second, the second election is untimely. Petitioner had until March 17, 2016 to notify the Court that he sought to stay proceedings pending exhaustion in state court, yet he failed to do so until April 2, 2016. Indeed, his March 10, 2016 filing omitted any mention of petitioner's pending habeas petition in the California Supreme Court and specifically communicated petitioner's position that he could not return to state court. Third, petitioner has not attempted to show good cause to justify a stay as required by Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Nor is there anything in the record to suggest he could make the requisite showing.

Accordingly, the action will not be reopened, and the Court's April 8, 2016 order denying the petition, and the judgment accompanying that order, remain in effect.

IT IS SO ORDERED.

Dated: April 18, 2016

_____
JON S. TIGAR
United States District Judge